UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BOBBY HENARD,                )
       Plaintiff,          )
  v.                         )        1:05-cv-513-SEB-JMS
                             )
KEVIN GILMORE, et al.,       )
                             )
       Defendants.         )

**Entry Discussing Motion for Summary Judgment
and Directing Entry of Final Judgment**

      This is a prisoner's civil rights action brought pursuant to 42 U.S.C. § 1983. The defendants have appeared by counsel and have asserted as an affirmative defense that the plaintiff failed to exhaust available administrative remedies prior to filing suit. Such exhaustion is a requirement of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a)(providing that "no action shall be brought [under federal law] with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted"). The defendants have also filed a motion for summary judgment as to this affirmative defense.

      Whereupon the court, having examined the pleadings, the motion for summary judgment and the response thereto, and being duly advised, finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

      1.     Henard alleges that the defendants at the Wabash Valley Correctional Facility ("Wabash Valley") violated his rights under the First, Eighth and Fourteenth Amendments of the Constitution. Wabash Valley is a prison operated by the Indiana Department of Correction ("DOC"). The allegations of mistreatment in this case relate to the period of time from January 17, 2002, to August 26, 2002.

      2.     The defendants in this action are the following:

         Kevin Gilmore                  Counselor Wence
         Sergeant Wolowinski        Captain Petty
         Captain Myers                  Sergeant Brewer
         Nurse Rebecca Fowler

Henard has not challenged the summary of his claims as recited in the memorandum supporting their motion for summary judgment. The court therefore accepts this summary, which is repeated here:

| Claim | Defendants Involved | Legal Claim | Factual Basis |
|---|---|---|---|
| I | Gilmore<br>Myers<br>Petty<br>Brewer | Eighth Amendment | placing Henard in unsanitary strip cell with no water for 9 days and with no working toilet for 12 days |
| I | Petty and Brewer | Fourteenth Amendment | stealing Henard's personal property |
| II | Nurse Fowler | Eighth Amendment | Nurse Fowler sexually molested Henard during examination on January 17, 2002, and prevented Henard from receiving needed medical care |
| III | R. Lincoln<br>M. Lincoln | First/Fourteenth Amendment | Confiscation of Henard's legal materials |
| not designated | Gilmore<br>Wence | First Amendment | Henards inmate account was frozen and money taken from it |
| not designated | Wence<br>Wolowinski<br>Gilmore | Fourteenth Amendment | threatened Henard with the filing of false disciplinary charges |
| not designated | Wolowinski | First/Fourteenth Amendments | threatened Henard, stole his property |
| not designated | Gilmore<br>Myers<br>Petty | First/Fourteenth Amendments | failed to prevent Wolowinski from threatening Henard and stealing his property |

   3.   Henard's claims are asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

   4.   Subject matter jurisdiction over the claims is conferred by 28 U.S.C. § 1331, which provides that "[t]he District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

  5. As noted, the defendants seek resolution of Henard's claims through the entry of summary judgment.

    a. Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED.R.CIV.P.** 56(c). This occurs when, reviewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact that must be decided by a jury. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252-55 (1986); *Bell v. Duperrault,* 367 F.3d 703, 707 (7th Cir. 2004); *Brademas v. Ind. Hous. Fin. Auth.,* 354 F.3d 681, 687 (7th Cir. 2004). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "'A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party.'" *Springer v. Durflinger,* 518 F.3d 479, 483 (7th Cir. 2008) (quoting *Sides v. City of Champaign,* 496 F.3d 820, 826 (7th Cir. 2007), and *Brummett v. Sinclair Broad. Group, Inc.,* 414 F.3d 686, 692 (7th Cir. 2005)).

    b. "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." **FED.R.CIV.P.** 56(e)(2). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248).

  6. Because Henard is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), was issued. Through this notice, Henard was notified of the nature of the defendants' motion, of the proper manner in which to respond and of the consequences of failing to respond. He has responded with a narrative account and argument, as well as submitting various materials. Importantly, however, his response is characterized by two features.

    a. *First,* even the affidavit which is part of the response is characterized by conclusory statements and opinions, rather than by specific facts. Such statements will not support the existence of a genuine issue of fact, however, for "[t]he object of [Rule 56(e)] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 888 (1990).

    b. *Second,* Henard has not included with his response the "Statement of Material Facts in Dispute" required by Local Rule 56.1(e). The court intends to enforce the requirements of Local Rule 56.1 in this and in every case. *See, e.g., Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998) (stating that procedural rules

"apply to uncounseled litigants and must be enforced"). The Seventh Circuit has "consistently and repeatedly upheld" district courts' discretion to require compliance with the local rules governing summary judgment, and has done so clearly and most recently in *Ciomber v. Cooperative Plus, Inc.*, 2008 WL 2185848, at *6 (7th Cir. May 28, 2008); *see also Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that failure to respond by the nonmovant as mandated by the local rules results in an admission.").

7. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). The exhaustion requirement is intended to give jail and prison authorities an opportunity to address issues before they become federal lawsuits. *Id.* The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532.

8. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 126 S. Ct. 2378, 2385 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006).

9. Notwithstanding the defendants' arguments on the subject of exhaustion of administrative remedies, certain claims must be dismissed at this point with regard to the state of exhaustion of administrative remedies.

   a. The defendants are correct that the court may dismiss portions of the amended complaint that fail to state a claim upon which relief may be granted without considering exhaustion of administrative remedies. 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies."). *See Woodford v. Ngo,* 126 S. Ct. 2378, 2392 (2006) (addressing dismissal under 42 U.S.C. § 1997e(c)(2), stating § 1997e(a)'s exhaustion requirement is not jurisdictional; district court may "dismiss plainly meritless claims without first addressing what may be a much more complex question, namely, whether the prisoner did in fact properly exhaust available administrative remedies"). A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory,'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)), and although the requirements of

notice pleading are minimal, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). The absence of a plausible basis for recovery compels the conclusion that the complaint fails to state a claim upon which relief can be granted.

   b.   Invoking this authority, the court dismisses as legally insufficient, for failure to state a claim upon which relief can be granted, the following claims–

   (1) Any claim that Henard was threatened with the filing of false disciplinary charges. Such conduct itself, and hence the threat of such conduct, is not actionable under § 1983, relief, however, because an "inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986); *see also Lagerstrom v. Kingston*, 463 F.3d 621, 624-25 (7th Cir. 2006); *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process"); *Hanrahan v. Lane*, 747 F.2d 1137, 1139-41 (7th Cir. 1984).

   (2) Any claim that Henard was threatened with mistreatment–because an inmate who suffers only a *risk* of physical harm has no compensable claim under the Eighth Amendment. *See Babcock v. White,* 102 F.3d 267, 272 (7th Cir. 1996). Henard's allegations "show neither physical harm nor the kind of extreme and officially sanctioned psychological harm that might support a claim for damages under the Eighth Amendment." *Doe v. Welborn,* 110 F.3d 520, 524 (7th Cir. 1997).

   10.   As to the remaining claims, the affirmative defense of failure to exhaust available administrative remedies must be addressed as presented by the motion for summary judgment and as Henard has responded. Because Henard is proceeding without counsel, the notice required by *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), was issued. Through this notice, Henard was notified of the nature of the defendants' motion, of the proper manner in which to respond and of the consequences of failing to respond. He has responded with a narrative account and argument, as well as submitting various materials.

   11.   Construed in a manner reasonably most favorable to Henard as the nonmoving party, the evidence here shows that:

   a.   Wabash Valley has an offender grievance process which is operated by the DOC.

   b.   Prior to December 1, 2005, the grievance process began when a prisoner submitted a complaint to a counselor and if the prisoner was not satisfied with the resolution of the complaint, the prisoner could pursue the issue through a total of

five steps. The second step, which followed the complaint, was to file a grievance, which was reviewed by a grievance specialist; the third step of the process took the issue to a three-member grievance committee that was composed of another offender, a unit team manager, and a custody supervisor; the forth step brought the matter to the attention of the facility's superintendent or his designee; and the final step took the issue to the regional director (who answers directly to the Commissioner of the DOC).

c.      During this process, the offender's complaint would be investigated by either a counselor, a grievance specialist, an Internal Affairs investigator, an investigator from the department's central office in Indianapolis, the medical director, police authorities or others.

d.      Records of the complaints and grievances submitted by offenders while incarcerated at Wabash Valley are maintained by the grievance specialist for a period of time and then archived for several years. In addition, copies of those records were routinely placed and maintained in the institutional files, or packets, of the offenders who submitted them.

e.      The subjects of Henard's claims in this action were within the scope of matters which could be grieved pursuant to the administrative remedy procedures in place at Wabash Valley. Similarly, the possible responses to a grievance on these matters could have included transfer of the offender to a different housing unit or facility, transfer of a staff member, providing offender with proper food or with meals provided at the proper time, correction of actions or policies that improperly denied an offender the ability to practice his religion or access to the courts, disciplinary action, up to and including dismissal, for any responsible staff members, and referral of the matter to local authorities for consideration of criminal prosecution of the responsible staff members whose actions might have constituted violation of a criminal law of Indiana.

f.      Henard did not file and complete grievances relative to the claims in this case. Specifically, the evidentiary record shows that during the period of time relevant to the claims in this action, Henard filed and pursued administrative grievances regarding his treatment or the conditions of his confinement at Wabash Valley in the numbers and at the level shown below:

| Grievance Step | Number of Grievances or Appeals Filed |
|---|---|
| 1 | 33 |
| 2 | 23 |
| 3 | 5 |
| 4 | 0 |
| 5 | 0 |

Thus, during the relevant period of time Henard filed a total of 33 grievances and filed a decreasing number of appeals, to the point where he did not file an appeal from the fourth step to the fifth step on any occasion or as to any grievance or subject.

12.   Exhaustion "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford,* 126 S. Ct. at 2385 (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002)). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Id.* at 2382; *Booth v. Churner,* 532 U.S. 731, 739 (2001). In sum, the evidentiary record which is properly before the court shows that Henard did not complete the DOC's grievance process available to him prior to the filing of this action and relative to the claims asserted here. Partial exhaustion of a grievance process does not qualify. *Jones v. Bock,* 127 S. Ct. 910, 918-19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

13.   The consequence of these circumstances is that Henard's claim pursuant to 42 U.S.C. § 1983 should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."). Accordingly, the motion for summary judgment must be **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   08/21/2008

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana